UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles A. C., | Civ. No. 25-746 (JWB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Frank Bisignano, *Commissioner of Social Security*, | |
| Defendant. | |

Clifford Michael Farrell, Esq., Manring & Farrell; and Edward C. Olson, Esq., Reitan Law Office, counsel for Plaintiff.

Ana H. Voss, Esq., United States Attorney's Office; Craig Hundley, Esq., James D. Sides, Esq., and Sophie Doroba, Esq., Social Security Administration, counsel for Defendant.

Plaintiff sought judicial review of the decision to deny his application for disability benefits. (Doc. No. 1.) On August 6, 2025, United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") that recommends denying Plaintiff's request to reverse or remand the decision and granting Defendant's request to affirm. (Doc. No. 17.) Plaintiff timely objected to the R&R. (Doc. No. 19.)

## DISCUSSION

A district court reviews de novo any aspect of an R&R to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Unobjected-to portions of an R&R are reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Plaintiff objects that the R&R wrongly supplied a rationale for the administrative law judge ("ALJ") who decided he was not disabled. Specifically, Plaintiff argues the ALJ did not give a reason for finding him capable of "superficial" interactions instead of "brief and superficial" interactions as two agency psychologists opined.

An ALJ's decision is reviewed to assess whether it is supported by substantial evidence on the record as a whole and whether it adheres to applicable legal standards. *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021). An ALJ does not have to fully adopt medical opinions that are found to be persuasive, as long as an explanation is given and the evidence supports the ALJ's findings. *See Amy G. v. Bisignano*, Civ. No. 24-1348 (JWB/SGE), 2025 WL 1666835, at *5 (D. Minn. May 8, 2025) (collecting cases), *R&R adopted*, 2025 WL 1666744 (D. Minn. June 12, 2025). What is required is a "logical bridge" between the evidence and the ALJ's conclusions; not every possible limitation or bit of conflicting evidence must be specifically addressed. *See Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022); *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011); *see also Jacobs v. Astrue*, Civ. No. 08-431 (JMR/JJK), 2009 WL 943859, at *3 (D. Minn. Apr. 6, 2009) (explaining that the logical bridge is meant "to overcome the inference that the ALJ did not reject the evidence but simply forgot it or thought it irrelevant").

Here, the ALJ's findings sufficiently account for why a "brief" limitation was not expressly included in the residual functional capacity ("RFC") finding. The ALJ stated why the term "brief" would not appear in the RFC finding: because the term is not vocationally defined, he declined to use it and opted instead for "more specific, vocationally defined, and policy compliant language." (A.R. 4024–25.) The ALJ also did

2

not simply limit Plaintiff to "superficial contact" generally as the agency psychologists did. (*See* A.R. 85, 114.) He included specific examples: "taking instructions, relaying information, and transferring material." (A.R. 4017, 4025.) The R&R correctly points to caselaw recognizing that those kinds of interactions would also likely be brief. *See Tria V. H. v. Colvin*, Civ. No. 23-2979, 2025 WL 66505, at *3 (D. Minn. Jan. 10, 2025) (rejecting "manufactured inconsistency" between ALJ limiting plaintiff to "superficial interactions with others, such as taking basic instructions, relaying information, and transferring materials" and agency psychologist who included limitations to "very brief" and "infrequent" interactions).

Plaintiff argues *Tria*'s reasoning is flawed because none of the example interactions implies a brief time frame. But even taking Plaintiff's point, the examples do not necessarily imply an extended time frame either. Although "superficial" and "brief" are not interchangeable, it is not unreasonable to recognize that a superficial interaction may also likely be brief when considering whether an ALJ's RFC finding is inconsistent with other medical opinions. The agency psychologists did not explain what they meant by "brief and superficial" in a way that is clearly at odds with the ALJ's findings. *See Jennifer L. v. Comm'r of Soc. Security*, Civ. No 23-1822 (KMM/TNL), 2024 WL 4003021, at *3 (D. Minn. Aug. 30, 2024) (agency psychologists did not explain "superficial" in a way that was clearly inconsistent with the ALJ's use of "occasional"). Plaintiff's parsing of the terminology does not establish a conflict between the agency psychologists and the ALJ such that remand is warranted.

At most, the ALJ does not expressly limit the duration of Plaintiff's interactions.

3

Doing so is permissible here because the ALJ assessed the agency psychologists' opinions and discussed the other evidence of Plaintiff's mental limitations and ability to interact with others—which includes longer-duration interactions and events that post-date the agency psychologists' opinions. (*See* A.R. 4015–16, 4022–23.) Other than the fact that the agency psychologists used the word "brief," nothing in the record indicates that the ALJ's findings lack evidentiary support, that he forgot about the psychologists' opinions, or that he deemed them irrelevant. The ALJ's ruling can be logically followed, it directly addressed why the term "brief" would not be used, and the RFC finding is otherwise supported by record evidence. Therefore, Plaintiff's objection is overruled.

After reviewing all other portions of the R&R not specifically objected to, the R&R is neither clearly erroneous nor contrary to law. Based on that review, and in consideration of the applicable law, the R&R is accepted.

## ORDER

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection (Doc. No. 19) is **OVERRULED**;

2. The Report and Recommendation (Doc. No. 17) is **ACCEPTED**;

3. Plaintiff's request to reverse or remand the Commissioner's decision (Doc. No. 14) is **DENIED**;

4. Defendant's request to affirm the Commissioner's decision (Doc. No. 16) is **GRANTED**; and

5. The Commissioner's decision is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: October 7, 2025                                  *s/ Jerry W. Blackwell*
                                                                   JERRY W. BLACKWELL
                                                                   United States District Judge